UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

ROSALIND STEPTOE-JACKSON,

      Plaintiff,
vs.

PARADISE CRUISE LINE OPERATOR LTD., INC.
d/b/a BAHAMAS PARADISE CRUISE LINE

      Defendant.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, ROSALIND STEPTOE-JACKSON, by and through the undersigned counsel, and hereby allege the following on information and belief:

### JURISDICTION AND IDENTIFICATION OF PARTIES

1. At all times material hereto, the Plaintiff, ROSALIND STEPTOE-JACKSON was a citizen of the United States and is a resident of Prince George's County, Maryland, and files this Complaint for Damages in an amount in excess of $75,000, exclusive of any fees and court costs. This Honorable Court possesses jurisdiction over the instant matter pursuant to the issued ticket by Defendant containing a venue clause which requires that all disputes and matters arising out of an in connection with cruise and travel associated with the ticket be litigated in the United States District Court for the Southern District of Florida, in Miami and there is complete diversity between the parties, 28 United States District Court, Section 1332.

2. At all times material hereto, the Defendant, PARADISE CRUISE LINE OPERATOR LTD., INC. d/b/a BAHAMAS PARADISE CRUISE LINES (hereinafter referred to as BAHAMAS PARADISE), was and is a business entity engaged in the shipping and passenger cruise business.

3. At all times material hereto, the Defendant, BAHAMAS PARADISE, was and is a corporation engaged in the shipping and passenger cruise business operated by and/or for the financial interests and/or benefits of the United States citizens. BAHAMAS PARADISE maintains a fleet of cruise ships that provide travel and related activities in international waters and at seaports in the United States of America and around the world. BAHAMAS PARADISE provides its passengers with travel packages, which include but are not limited to room and board, entertainment, and cruise-sponsored shore excursions at selected ports of call.

4. At all times material hereto, the Defendant, BAHAMAS PARADISE, owned, operated, and managed the vessel *Grand Celebration*.

## FACTS GIVING RISE TO CAUSES OF ACTION

5. At all times material hereto, the Plaintiff, ROSALIND STEPTOE-JACKSON, purchased a BAHAMAS PARADISE ticket for a vacation on BAHAMAS PARADISE'S cruise ship, *Grand Celebration*.

6. At all times material hereto, ROSALIND STEPTOE-JACKSON was lawfully and legally aboard the *Grand Celebration* as an invitee and paying passenger with the actual and/or constructive consent of BAHAMAS PARADISE to be physically present aboard such vessel.

7. On or about July 28, 2019, the Plaintiff, ROSALIND STEPTOE-JACKSON, aboard the *Grand Celebration*, Plaintiff was hit on her head when she fell from a loose bunk bed ladder in her stateroom that was unreasonably dangerous by not being bolted correctly and

otherwise fastened by the vessel's steward. No warnings were given of the condition, causing Plaintiff to sustain permanent injuries.

8. At all times material hereto, the Defendant should have been aware of the dangers of a loose bunk bed ladder presented and accordingly should have taken any and all precautionary measures available to ensure an invitee, like Plaintiff, on the ship would not be injured by such dangerous condition. Defendant, through its agents and/or employees failed to take any such precautionary measures and instead left this condition in place without any warning signs of the danger presented to such invitees.

9. Due to Defendant BAHAMAS PARADISE'S negligence and failure to use reasonable care in maintaining the premises in a reasonably safe condition, the Plaintiff, ROSALIND STEPTOE-JACKSON, sustained severe injuries to her head.

## COUNT I
## NEGLIGENCE TO BAHAMAS PARADISE

10. The Plaintiff, ROSALIND STEPTOE-JACKSON, hereby adopts and realleges each and every allegation in paragraphs one (1) through nine (9), above.

11. At all times material hereto, Defendant BAHAMAS PARADISE owed to Plaintiff, ROSALIND STEPTOE-JACKSON, an invitee on the ship's premises, the duty to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

12. Additionally, at all times material hereto, the Defendant, BAHAMAS PARADISE, owed to the Plaintiff, ROSALIND STEPTOE-JACKSON, the duty to give her warning of concealed perils which are known or should be known to Defendant, and which were unknown to Plaintiff and could not be discovered by her through the exercise of due care.

13. The Defendant, BAHAMAS PARADISE, breached its duty to Plaintiff in one or more of the following ways:

   a. Failing to use reasonable care in maintaining the premises in a reasonably safe condition. Specifically, the loose bunk bed ladder in the stateroom which created an unsafe and dangerous condition unbeknownst to visitors;

   b. Failing to give Plaintiff warning that the loose bunk bed ladder in the stateroom created a dangerous condition, and that extra caution should be taken in that particular area, given the hidden dangers;

   c. Failing to maintain the premises in a reasonably safe condition for invitees and Plaintiff. Specifically, upon learning of the loose bunk bed ladder in the stateroom, BAHAMAS PARADISE'S agents and employees failed to take any remedial action to rectify the dangerous condition of the subject area;

   d. Failing to properly train its agents and/or employees to keep the premises in a reasonably safe condition for invitees and specifically, for the Plaintiff;

   e. Failing to properly monitor its agents and/or employees so as to reasonably assure that they were maintaining the premises in a reasonably safe condition for all invitees, and specifically, the Plaintiff;

   f. Failing to implement and train its agents and/or employees in policies and procedures designed to reasonably assure the safety of invitees on the premises;

   g. Failing to enforce the policies and procedures designed to reasonably assure the safety of invitees on the premises,

   h. Providing negligent maintenance to the area or to the premises; and

   i. Other acts of negligence to be determined through discovery.

14. The above-described negligent acts and/or omissions are the direct and proximate cause of ROSALIND STEPTOE-JACKSON' injuries.

15. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

16. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

17. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

18. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

19. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

20. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

## **CLAIM OF ROSALIND STEPTOE-JACKSON**

21. The Plaintiff, ROSALIND STEPTOE-JACKSON, adopts and realleges all prior material paragraphs, and further states:

22. As a direct and proximate result of the above-described negligent acts and/or omissions, the Plaintiff, ROSALIND STEPTOE-JACKSON, makes the following claims for damages against BAHAMAS PARADISE:

      a.    Permanent bodily injury;

      b.    Aggravation of a pre-existing condition;

      c.    Pain and suffering;

      d.    Permanent disability;

      e.    Permanent disfigurement;

      f.    Mental anguish;

      g.    Loss of earnings;

      h.    Loss of earning capacity;

      i.    Medical, nursing, and rehabilitative expenses;

      j.    Loss of capacity for the enjoyment of life; and

      k.    All other damages allowed by law.

23.    These losses are either permanent or continuing and Plaintiff, ROSALIND STEPTOE-JACKSON will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, ROSALIND STEPTOE-JACKSON, demands judgment against the Defendant, BAHAMAS PARADISE CORPORATION d/b/a BAHAMAS PARADISE CRUISE LINES, for the full value of her losses together with costs of suit to the extent allowable by law.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs hereby demand Trial by Jury of any issue triable of right by a jury.

Signed this 13th day of July, 2020.

Respectfully Submitted,

By: */s/* Jack Paris\_
**JACK PARIS, ESQ.**
Florida Bar No.: 984310


**THE COCHRAN FIRM SOUTH FLORIDA**
*Attorney for Plaintiff*
499 NW 70th Avenue, Suite 116
Plantation, FL 33317
Telephone: (954) 473-0011
Facsimile: (954) 530-1082
jparis@cochranfirm.com
vvina@cochranfirm.com